IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDY JO PRIMEAU,

                      Plaintiff,
    v.                                                                    OPINION and ORDER

NANCY A. BERRYHILL,                                        18-cv-136-jdp
Acting Commissioner of Social Security,

                      Defendant.

---

Plaintiff Wendy Jo Primeau brings this lawsuit contending that she was incorrectly denied disability benefits. She named as the defendant "Wisconsin State of Disability's." Dkt. 1. She also attached a copy of the United States Social Security Administration's Appeals Council notice denying her request for review of an administrative law judge's decision denying her supplemental security income under the Social Security Act. Dkt. 1-1. So the court construed the case as one seeking review of a social security ruling, substituted Nancy A. Berryhill, Acting Commissioner of Social Security, as the defendant, and served Berryhill with the complaint.

The government has filed a motion to dismiss, Dkt. 8, contending that Primeau's complaint is untimely. Under the social security statutes and regulations, Primeau had 60 days from the date she received the October 20, 2017 Appeals Council's decision in which to file her civil complaint in this court. 42 U.S.C. § 405(g) (claimant has 60 days "after the mailing to [the applicant]" to file civil action); 20 C.F.R. §§ 404.981 and 422.210(c) (both stating that the 60-day period runs from the time the claimant receives the decision). The date of receipt of the notice is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c);

*see also Frappier v. Astrue*, No. 09-cv-445-bbc, 2010 WL 1836792, at *1 (W.D. Wis. May 6, 2010) (dismissing social security complaint that was filed 15 days late). If that five-day presumption applies, Primeau had until December 26, 2017, to submit her complaint.[1] Instead, she filed it in late February 2018.

The 60-day filing requirement is a statute of limitations that must be strictly construed in the government's favor. *See Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986). It can be extended under the doctrine of equitable tolling. *Id*. at 480 (equitable tolling can apply to review of social security decisions). Under this doctrine, a court may toll a statute of limitations if the plaintiff can show that extraordinary circumstances existed that prevented her from filing her complaint on time. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Bowen*, 476 U.S. at 480–81. But Primeau did not respond to defendants' motion to dismiss, so there is no reason to consider tolling her deadline. I will grant defendant's motion and dismiss this case as untimely.

ORDER

IT IS ORDERED that:

1. Defendant's motion to dismiss, Dkt. 8, is GRANTED.
2. The clerk of court is directed to enter judgment for defendant and close this case.

Entered December 14, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[1] The 60-day period ended on Sunday, December 24, 2017, but because of the weekend and the Christmas holiday, Tuesday, December 26 is the proper deadline.